**STATE, ex rel. CENTRAL OUTDOOR ADVERTISING COMPANY, INC., Relator, v. LEONHARD, Bldg. Comm., City of Fairview Park, Ohio, et, Respondent.**

Common Pleas Court, Cuyahoga County.

No. 631102. Decided January 12, 1953.

Edward C. Stanton, Rudolph A. D'Amico, Cleveland, for relator.

Leonard S. Frost, Cleveland, for respondents.

## OPINION

By BAUMANN, J.

This is an action in mandamus. The relator, an important operator in the field of outdoor advertising, seeks to compel the municipal authorities of the City of Fairview Park to permit the erection of a billboard facing State Route 10 which passes through that city.

The effective zoning ordinance of the City limits the erection of billboards to the retail business district. The board proposed is in that territory. It is further provided by ordinance that no billboard (with minor exceptions) shall be erected within this district until the consent of Council has been obtained. Violation is a criminal offense.

The relator leased ground in the City, and then sought the consent of Council. The refusal of this body is the basis for the instant action.

The relator makes two claims. First, it is contended that the ordinance in its present form is unconstitutional and ineffective. Second, it is argued that even if it be admitted that the ordinance is good, the refusal of Council to issue a permit for the board proposed at this location suggested is an abuse of discretion. The city officials have vigorously opposed both claims.

The subject of outdoor and especially highway advertising has been litigated so extensively that many of the basic legal questions may be considered settled. But the right of the municipal legislative body to retain the final decision in each case is one of first impressions in Ohio.

Let us review fundamental principles. Outdoor Advertising is recognized as a legitimate business. As such the right to use property for that purpose is an incident to ownership.

**Sec. 3180-19 GC.** The deprivation or limitation of that right will not be permitted without legal justification.

A municipality is a creature of statute. Its rights include only such as are conferred. So far as billboards are concerned, the statute confers the power to 'regulate' their erection.

This power to regulate implies a continued existence of the matter to be regulated. To regulate means to adjust, order or govern by rule, method or established mode, to direct or manage according to certain standards. 36 W & P 687 and cases cited. In the ordinance adopted by the defendant city there is no such rule, no such method and no such established mode. It must follow that the ordinance is not regulatory but an inhibition against a legitimate use of property.

Reverting to the proposition that a municipality is a statutory creature, we find that the legislative body of an Ohio city takes action by ordinance or resolution. Such action in most instances is reviewable by the electorate by referendum. In all instances the courts retain the power to determine whether the legislation is within the purview of the authority granted, and, if it is, whether it is reasonable exercise of that authority, and not a gross abuse of discretion.

The method adopted in this community gives the courts nothing to examine. We could not quarrel with a reasonable regulation affecting all persons equally. But as was said in Schloss Poster Advertising Co., Inc. v. City of Rock Hill, et al., 190 S. C. 92, S. E. (2nd) in passing upon a similar ordinance:

"The danger is that it makes possible arbitrary discrimination and abuses in its execution, depending upon no conditions or qualifications whatever, other than the unregulated arbitrary will of the city authorities as the touchstone by which its validity is to be tested. * * * Ordinances which thus invest a city council with discretion which is purely arbitrary, and which may be exercised in the interest of the favored few, are unreasonable and invalid. The ordinance should have established a rule by which its impartial enforcement could be secured."

Holding as we do that the retention of unregulated authority by the city council is invalid, it is unnecessary to pass upon the question of the unreasonableness of Council's permit refusal. Although not unduly impressed with the City's claims or prospective peril, our finding for the plaintiff is predicated solely upon the invalidity of the ordinance.